

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# In Re: Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Campbell " (2006). *2006 Decisions.* Paper 820.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/820

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-246                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2759
_____

IN RE:  DENNIS JOHN CAMPBELL, ET AL.,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 01-cv-04517)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
June 15, 2006

Before:  SLOVITER, McKEE AND FISHER, CIRCUIT JUDGES

(Filed:  June 28, 2006)
_____

OPINION
_____

PER CURIAM

Pro se petitioners Dennis John Campbell and Mindy Jaye Zied-Campbell filed a

petition for a writ of mandamus pursuant to 28 U.S.C. § 1651.  Petitioners seek review of

various orders of the United States District Court for the Eastern District of Pennsylvania.

We will deny the mandamus petition.

In 2003, petitioners filed an amended complaint against the United States Postal

Service and the Postmaster General, seeking damages for violations of the Rehabilitation

Act of 1973, 29 U.S.C. § 701 et seq. On October 18, 2005, the District Court granted the defendants' motion to dismiss all claims against them except a claim based on derogatory employment references. The District Court also denied petitioners' request for certification pursuant to Fed. R. Civ. P. 54(b). Petitioners appealed, and on March 15, 2006, this court dismissed the appeal for lack of appellate jurisdiction. See C.A. No. 05-4794. In their mandamus petition, petitioners seek reversal or vacation of various orders of the District Court in this civil action, including the October 18 order.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997).

Here, petitioners have an alternative means to raise challenges to the District Court's orders in the form of a proper appeal. The appeal may be commenced after the District Court has entered a final and appealable order. Accordingly, the petition for a writ of mandamus will be denied.